UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

JACOB KELLNER,
AS PRESIDENT, CEO                       CIVIL ACTION NO.
and
I&L DISTRIBUTING, INC.,
        Plaintiffs,

                                       JURY TRIAL DEMAND
      v.                         VERIFIED COMPLAINT

EV 1000 LLC.,
and
ELION PARTNERS., aka ELION
REAL ESTATE FUND LP.

        Defendants.
_____/

    1.    That Jacob Kellner, as President and CEO of I&L Distributing, INC., and I&L Distributing, INC., by and through their attorney GEORGE A. ORTIZ ESQ., do hereby file instant verified Civil Complaint, and in support thereof do hereby state and allege as follows:

    2.    That plaintiff Jacob Kellner, is more than 18 years of age, a citizen of the United States of America, and a resident of New Jersey, conducting business at 1580 Route 9, (Suite 12) Toms River, New Jersey, 08755.

    3.    That defendants EV 1000 LLC., is a limited Liability Company based on information and belief organized under the laws of the State of Florida.

4. That defendants ELION PARTNERS, are the managing members/ agents of defendant EV 1000 LLC.

5. That the plaintiffs have not filed any other Civil Complaint or arbitration in any other Court seeking here relief on causes of actions as sort herein;

## JURISDICTION AND VENUE

6. That Jurisdiction and Venue are before this Honorable Court Pursuant to Title 28, USC Section 1332, Diversity of Citizenship, where the parties reside in and conduct business in different States and the amount in controversy arising from damages by the defendants against the plaintiff exceeds $75,000.00.

## THE PARTIES

7. That the plaintiff Jacob Kellner is the president/CEO of I&L Distributing, Inc., a domestic corporation formed under the Laws of the State of New York.

8. That the defendant EV 1000 LLC., is a limited liability company organized under the laws of the State of Florida, located in Florida, and former landlord of commercial premises previously leased to the plaintiff.

9. That defendant ELION PARTNERS, are the managing member or agents of defendant EV 1000 LLC.

## PRELIMINARY STATEMENT

10. The instant case comes before the Court, based on a long-term business lease of the plaintiff who leased commercial factory space in defendant's property, originating in July 2008, until plaintiffs' unlawful eviction by the defendants who acting without Court process or authority, and unlawfully conveyed plaintiff property, 'goods/materials/products' to themselves 'defendants', caused plaintiffs eviction, and deliberately interfered with plaintiff's commercial contracts, causing the plaintiff to suffer financial damages in excess of $75,000.00.

11. Furthermore, the defendants unlawfully conveyed plaintiff's business property as warehoused in the leased commercial premises, including commercial 'Hilo Mechanical Lift' to their own possession and use, and interfered with and obstructed delivery of purchased goods to plaintiffs' clients, and unlawfully declared plaintiff's property abandoned, and employed coercive practices and tactics, intended to force plaintiffs into forfeiture of their commercial retail goods and property, intended for resale together with other property.

12. Defendants unlawfully 'LOCKED OUT' plaintiff from his business premises, without proper Court process or right to do so, causing the plaintiff to suffer on-going financial damages as set forth more fully below.

## INTEGRAL FACTS RELATED TO ALL COUNTS

.     13.     That on or about January 2008, plaintiff entered commercial lease of commercial property in controversy.

14. That on or about June 2021, original owner of commercial property leased by plaintiff sold the property to the defendants.

15.    That defendant upon purchase and possession of commercial property as leased by the plaintiff, refused to renew lease, and demanded more than double the monthly rent by plaintiff as a 'holdover tenant'.

16.    That plaintiff notified defendants that he would be seeking new commercial premises and intended to vacate the leased commercial premises in controversy.

17.    That defendants filed and ex-parte Civil Action in the Superior Court of New Jersey, Essex County, Law Division, seeking to evict the plaintiffs from the commercial property, and never served the plaintiff with any notice whatsoever of the Civil Action as improperly filed in the Superior Court of New Jersey, Law Division, never lawfully served or joined the plaintiff in said action and made ex-parte appearance before the Court without any notice whatsoever to the plaintiff, depriving the plaintiff of his Fundamental Due Process Right to be heard.

18.     That the Superior Court of New Jersey, Law Division held 'Sua sponte' that defendant Civil Court Housing Division Complaint for eviction was filed in the wrong Court and transferred the matter to the Chancery Division.

19. That on or about May 17th, 2022, plaintiff was evicted from the property by the Sheriff and 'Locked-Out' preventing plaintiff from conducting business, filling customer orders, and preforming indispensable daily work.

20. That on or about May 18th, 2022, plaintiff retained counsel and brought an Order to Show Cause, against the defendants in the Superior Court of New Jersey, Essex County, Law Division, demanding vacatur of Civil Court Order of eviction, pending further proceedings before the Court.

21, That at all material times between the date of eviction May 17th, 2022, Court proceedings plaintiffs continued to be 'Locked-Out' from their commercial business premises by the defendants.

22. That the Superior Court of New Jersey, Essex County, Law Division, in an Order dated June 14, 2022, Stayed Eviction proceedings, pending further proceedings before the Superior Court of New Jersey, Essex County, Law Division, on application by the parties.

23. That despite Court Order staying eviction defendant continued unlawful 'Lock-Out' of the plaintiff from the commercial leased premises in controversy.

24. That defendant unlawfully converted plaintiffs retail merchandise, valued in excess of $1,000,000.00 (ONE MILLION DOLLARS) to their own possession and use having unlawfully acting contrary to Court Order to Stay of Eviction.

25.     That defendants between the periods of May 17, 2022, through July 12th, 2022, continued unlawful 'Lock-Out', and began to remove plaintiffs retail property from warehouse by truck, compelling plaintiff to file Police Report.

26.     That additionally, defendants unlawfully conveyed plaintiff's, commercial 'Hilo Forklift Mechanical Lift' into their own use and possession. Notably, 'Hilo Mechanical Lift' was valued in excess of $35,000.00 (THIRTY-FIVE THOUSAND DOLLARS).

27.     That defendants coerced plaintiff into paying defendants $40,000.00 ( FOURTY -THOUSAND DOLLARS )  to retrieve merchandise being warehoused in commercial premises during unlawful ' Lock-Out ', and only gave plaintiff an unreasonable amount of time to have his retail property removed, by third party of plaintiff's choice, conveying all  retail products which could not be removed in the narrow time frame provided to their own use and possession.

28.     That the retail merchandise that plaintiff was unable to remove in restrictive time period, was valued at more than $750,000.00 (SEVEN HUNDRED, FIFTY THOUSAND DOLLARS), left behind because plaintiff could not remove the retail property within the narrow time frame provided by the defendants.

29.      That defendants imposed unlawful 'Lock-Out' on plaintiff without any Court process to do so.

30.     That defendant fabricated email notifications to the plaintiff and never timely sent to the plaintiff or plaintiffs' attorney.

31.     That defendant acted in a pattern and practice to deliberately interfere with delivery of goods to plaintiff's customers through unlawful 'Lock-Out' causing the plaintiffs financial damages in the excess of $279,000.00 (TWO HUNDRED AND SEVENTY-NINE THOUSAND DOLLARS), for refunds paid by plaintiffs to his customers who never received products paid for.

32.     That defendants acted with malice and willful intent, in a pattern and practice of fraud and deceit against the plaintiff, in proceeding in an unauthorized ex-parte Court proceeding for an eviction filed in the Superior Court of New Jersey, Essex County, Law Division, without any Notice by the defendants to the plaintiffs' depriving plaintiffs of an opportunity to be heard by the Court in Opposition to eviction.

33.     That defendant's ex-parte improper filing for eviction in the Superior Court of New Jersey, Essex County, Law Division, without any Notice whatsoever to the plaintiffs, ultimately resulted in an unlawful eviction by the Sheriff, which was stayed by the Superior Court of New Jersey, Essex County, Law Division, when plaintiff filed an Order to Show Cause against the defendants. Despite the stay deadline of

34.     That the defendant's ex-parte Civil Action for eviction, was knowingly and intentionally filed ex-parte improperly, without joining the plaintiffs, or plaintiffs' counsel, and depriving them any opportunity to be heard, prior to any Order of Eviction or Sheriff Sale.

35.     That the defendant's ex-parte filing for eviction constitutes and unlawful eviction, and abuse of process.

36. That the defendants at all material times during this complaint acted in 'Bad Faith'.

37. That the defendants caused harm to the plaintiffs 'good business reputation', in obstructing the delivery of purchased goods by plaintiff's customers in a timely fashion.

38. That the defendants had a duty to comply with Court Ordered Stay of Eviction and violated that duty.

## CONVERSION OF CHATTEL

39. That the plaintiff following unlawful eviction had Chattel, stored in the leased premises which he owned and had a right to immediate possession thereof.

40. That the defendants wrongfully exerted dominion over plaintiffs stored Chattel following unlawful eviction, in denial or inconsistent, with defendant Title or Rights thereto, or in derogation, exclusion, or in defiance of plaintiff's Title or Rights to the Chattel.

41. That the defendants intentionally converted plaintiff's Chattel to their own possession, following unlawful eviction with the intent to deprive plaintiff of it.

42. That the defendants converted plaintiff's property to themselves with the intent of exercising controlled over the Chattel and ownership inconsistent with the plaintiff's incontrovertible Ownership Rights and Entitlement of plaintiffs' Right of Possession.

43. That the defendants' conversion of plaintiff's property was without consent of the plaintiff.

44. That plaintiff had a possessory interest in the property.

45. That the defendants intentionally interfered with plaintiffs' possession.

46. That the defendants Acts of conversion are the legal cause of plaintiff's loss of property.

## TORTIOUS INTERFERENCE

## WITH CONTRACT OR BUSINESS EXPECTANCY

47. That the defendants unlawfully 'LOCKED-OUT' the plaintiff from his business premises, in violation of a Court Ordered Stay, Granted the plaintiff on June 14, 2022, by the Superior Court of New Jersey, Essex County, Law Division.

48. That the defendant knowingly, and unlawfully, 'lockout' of plaintiff out from business premise in violation of Stay, prevented plaintiff from conducting normal Retail Business, and receiving and servicing Customers Orders.

49. That the defendant willfully, and knowingly, caused plaintiff economic harm.

50. That the defendant actions were knowingly in violation of Court Ordered Stay of Eviction.

51. That the defendant had knowledge of plaintiffs need to enter premises on a daily basis to conduct business, and defendant interfered is without legal justification or excuse, causing damage to plaintiff's contractual business relationship with plaintiff customers and causing plaintiff to suffer economic harm.

52. That the plaintiff suffered economic loss and damages in failing to fulfill Customer Orders.

53. That defendant's unlawful and intentional interference with plaintiff's daily business operations, caused plaintiff economic damages in the loss of expected future sales to customer.

54. That defendant intentional interference with plaintiff business contracts and sales, through unlawful eviction and ' lock out ' caused the plaintiff to suffer monetary damages in the loss of sales, between the period May 17, 2022 until July 27, 2022, in an average amount of $20,000.00 ( TWENTY THOUSAND DOLLARS ) per day, for approximately 70, ( SEVENTY ) working days, totaling $1,400,000.00 ( ONE MILLION - FOUR HUNDRED THOUSAND DOLLARS ) .

55. That defendant's unlawful 'eviction and lock -out' prohibiting plaintiff from conducting business with customers, caused plaintiffs to suffer harm to his 'good business reputation' and receive negative reviews and feedback from customer base.

56. That defendant unlawful 'eviction and lock out' caused plaintiff to refund customers for purchases previously made and undelivered caused by defendant unlawful eviction and lock out in the amount of $279,000.00 (TWO HUNDRED AND SEVENTY-NINE THOUSAND DOLLARS).

## **UNLAWFUL EVICTION AND LOCKOUT**

57. That plaintiff leased the commercial property in controversy beginning in 2008, with plaintiff buying the property in June 2021, becoming the landlord of plaintiff's commercial business.

58. That defendant demanded double the rent previously paid by plaintiff to prior landowner.

59. That prior to concluding any agreement with plaintiff defendant surreptitiously filed a Civil Action for Eviction in the Superior Court of New Jersey, Essex County, Law Division, without giving plaintiff any indispensable 30 day written notice of defendant intent to evict and without any notice whatsoever that plaintiff filed ex-parte Civil Action for eviction.

60. That suddenly without any prior notice plaintiff were subjected to an eviction by the Sheriff on May 16, 2022, and arbitrarily and capriciously ' locked out ' of business premises without any Due Process whatsoever, including service of plaintiff Civil Complaint for eviction as filed in the Superior Court of New Jersey, Essex County, Law Division depriving plaintiff of any opportunity to be heard in Opposition to defendants Civil Action for eviction.

61. That plaintiff filed Order to Show Cause, in the Superior Court of New Jersey, Law Division, with the Court Granting a Stay of Eviction of the plaintiff by the defendant.

62.  That the defendant without any further Court action, violated Court Ordered Stay and unlawfully evicted plaintiff from entering business location and conducting daily business therein.

63.  That plaintiff finally retrieved some of his merchandise being stored in defendant warehouse, and totally vacated the premises on or about July 27, 2022.

64.  That plaintiff was unable to retrieve and remove all stored merchandise, resulting in a loss and monetary damages of $350,000.00 (THREE-HUNDRED AND FIFTY THOUSAND DOLLARS), which was unlawfully converted by the defendant to their own use and possession.

65.  That plaintiff was unable to remove business Racking Units left behind valued at $95,000.00. (NINETY-FIVE-THOUSAND DOLLARS).

66.  That the plaintiff business 'Hilo Mechanical Lift,' valued at $35,000.00. (THIRTY-FIVE-THOUSAND DOLLARS) was missing and believed converted to defendant own use and possession.

### FIRST CAUSE OF ACTION
### UNLAWFUL CONVERSION OF PROPERTY

67.  Plaintiff incorporates all facts and averments as set forth above in paragraphs 1 - 66, as though fully set forth herein.

68.  That defendant wrongfully and unlawfully converted plaintiffs' merchandise to their own use and possession, without consent of plaintiff and without any authority to do so.

69. **WHEREFORE,** plaintiff demands a money judgment in an amount as determined by a jury at trial, together with any actual, compensatory, statutory, or punitive damages, Court cost, pre and post judgment interest, and reasonable attorney fees.

## SECOND CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH BUSINESS AND BUSINESS CONTRACTS

70. Plaintiff incorporates all facts and averments as set forth above in paragraphs 1 - 69, as though fully set forth herein.

71. That based upon the facts set forth more fully above, defendants wrongfully, knowingly, and intentionally interfered with plaintiffs' business and business contracts with customers, causing plaintiff to suffer economic harm.

72. **WHEREFORE,** plaintiff demands a money judgment in an amount as determined by a jury at trial, together with any actual, compensatory, statutory, or punitive damages, Court cost, pre and post judgment interest, and reasonable attorney fees.

## THIRD CAUSE OF ACTION

### UNLAWFUL EVICTION AND LOCKOUT

73. Plaintiff incorporates all facts and averments as set forth above in paragraphs 1 - 72, as though fully set forth herein.

74. That defendant unlawfully evicted plaintiff from business property and unlawfully locked plaintiff out of business property between the period of May 17, 2022, to July 27, 2022, in violation of a Stay entered by the Court.

75. **WHEREFORE,** plaintiff demands a money judgment in an amount as determined by a jury at trial, together with any actual, compensatory, statutory, or punitive damages, Court cost, pre and post judgment interest, and reasonable attorney fees.

**RESPECTFULLY SUBMITTED,**

Dated: August 5, 2022
Westchester County, NY

**GEORGE A. ORTIZ ESQ.**
**ID. # 08971/2014**
**733 YONKERS AVE,**
**YONKERS, NY 10704**
**PHONE: (929) 389-8504**
**Counsel For Plaintiff**

## PLAINTIFF VERIFICATION

That I **JACOB KELLNER, PRESIDENT, CEO of I&L DISTRIBUTING, INC.,** Do hereby verify that I have read the within Civil Complaint and that all facts and averments as presented by our attorney **GEORGE A. ORTIZ ESQ.,** are true and correct to the best of my knowledge and belief.

_____
**JACOB KELLNER,
PRESIDENT, & CEO
of I&L DISTRIBUTING, INC.**

**AUGUST   5   , 2022,**