```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------- x
JACOB KELLNER, as President, CEO and         :
I&L DISTRIBUTING, INC.,                      :  Index No. 3:22-cv-05753
                                             :  (MAS-RLS)
                        Plaintiffs,          :
                                             :
            -against-                        :  **ANSWER AND**
                                             :  **COUNTERCLAIM**
EV 1000 LLC and ELION PARTNERS, aka ELION    :
REAL ESTATE FUND LP,                         :
                                             :
                        Defendants.          :
------------------------------------------------------------------- x
```

Defendants EV 1000 LLC ("EV 1000") and Elion Partners ("Elion," and sometimes collectively with EV 1000, "Defendants")[1], for their verified answer to the Verified Complaint (the "Complaint") alleges as follows:

1. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint.

2. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint and aver the EV 1000 is a limited liability company organized under the laws of Delaware and is authorized to do business in New Jersey.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint (see fn. 1).

5. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Complaint.

---

[1] There are no legal entities named Elion Partners or Elion Real Estate Fund LP.

00107817.DOC v

6. Defendants deny the allegations contained in paragraph 6 of the Complaint that the amount in controversy "arising from damages by Defendants against the Plaintiff exceeds $75,000.00," and admits the remaining allegations in paragraph 6.

7. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, except admit that EV 1000 was the landlord, as successor in interest to BIV-1000 Jefferson, LLC, with I&L Distributing a/k/a/ I&L Distribution, Inc. ("I&L") as tenant pursuant to a lease dated as of April 18, 2013, as amended (the "Lease") for approximately 3,500 rentable square feet (the "Premises") in the building owned by EV 1000 at 1000 Jefferson Avenue, Elizabeth, N.J. (the "Building"), for a term ending May 14, 2021.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint, except admit the existence of the Lease, as described above.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint, except admit that EV 1000 owns the Building and was the landlord under the Lease as successor in interest.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except admit that EV 1000, as landlord, did not enter into a new or renewal lease with I&L, that pursuant to the Lease, I&L is liable for holdover rent as it failed and refused to vacate the

premises upon the expiration of the Lease by its terms, and that EV 1000 demanded payment of amounts due to it.

16. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint, except admit that, prior to service of the complaint upon I&L, the Superior Court of New Jersey, Law Division, sua sponte transferred the complaint which had been filed by EV 1000 in the action titled EV 1000 v. I&L Distributing, Inc., in the Superior Court to the Special Civil – L/T Part, Union County, New Jersey.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint, except admit that on May 17, 2022, a Warrant of Removal was properly served on I&L and that I&L was thereby properly locked out of the Premises.

20. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, except admit that I&L brought an order to show cause in the Superior Court of New Jersey, Essex County, Law Division demanding that I&L's default in the Special Civil case be vacated.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that I&L was evicted on May 17, 2022.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that on or about June 14, 2022, the Superior Court, Law Division, Special Civil Part, L/T Division, Union County, signed the order to show cause submitted by Plaintiffs and stayed, but expressly did not rescind, "any eviction or ejectment during holdover proceedings,"

pending a final review and adjudication by the Court, and respectfully refers the Court thereto for its full terms and conditions.

23. Defendants deny the allegations contained in paragraph 23 of the Complaint, and aver that by Order dated June 30, 2022 (the "June 30 Order"), the Superior Court ordered, for the reasons it had set forth on the record on that date, that I&L's application seeking to vacate the default, relist the matter for trial, and be allowed to regain occupancy of the Premises pending trial, was granted on the condition that I&L deposit the back rent due to EV 1000 in the amount of $365,390.40, with the court on or before 4:00 p.m. on or before July 5, 2022, and that I&L made no such deposit.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint, except admit that, notwithstanding the expiration of the Lease and I&L's eviction, EV 1000 permitted I&L to remove whatever property it wanted from the Premises.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Defendants lack knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 52 of the Complaint, except deny that any alleged loss and damages were caused in any way by Defendants.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint, except admit that EV 1000, as landlord, and I&L, as tenant, were parties to the Lease.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint, except admit that pursuant to the Lease, I&L is liable for holdover rent as it failed and refused to vacate the premises upon the expiration of the Lease by its terms, and admit that EV 1000 demanded payment of same.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint except admit that I&L brought an order to show cause in the Superior Court of New Jersey, Essex County, Law Division demanding that I&L's default in the Special Civil case be vacated.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint

63. Defendants deny the allegations contained in paragraph 63 of the Complaint, except admit that I&L removed certain items from the Premises after it was evicted therefrom.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

AS AND FOR AN ANSWER TO<br>
<u>THE FIRST CAUSE OF ACTION</u>

67. In response to the allegations contained in paragraph 67 of the Complaint, Defendants repeat and reallege its responses to paragraphs 1-66 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. In response to paragraph 69 of the Complaint, Defendants deny that Plaintiffs are entitled to a money judgment in any amount or to a trial by jury.

AS AND FOR AN ANSWER TO
<u>THE SECOND CAUSE OF ACTION</u>

70. In response to the allegations contained in paragraph 70 of the Complaint, Defendants repeat and reallege its responses to paragraphs 1-69 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. In response to paragraph 72 of the Complaint, Defendants deny that Plaintiffs are entitled to a money judgment in any amount or to a trial by jury.

AS AND FOR AN ANSWER TO
<u>THE THIRD CAUSE OF ACTION</u>

73. In response to the allegations contained in paragraph 73 of the Complaint, Defendants repeat and reallege its responses to paragraphs 1-72 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

75. In response to paragraph 75 of the Complaint, Defendants deny that Plaintiffs are entitled to a money judgment in any amount or to a trial by jury.

AS AND FOR A FIRST
<u>AFFIRMATIVE DEFENSE</u>

76. The Complaint fails to state a claim for relief.

AS AND FOR A SECOND
<u>AFFIRMATIVE DEFENSE</u>

77. The Complaint is barred by the provisions of the Lease.

AS AND FOR A THIRD
<u>AFFIRMATIVE DEFENSE</u>

78. Kellner is not a proper party to this action.

AS AND FOR A FOURTH
<u>AFFIRMATIVE DEFENSE</u>

79. No basis is alleged or exists for any liability against defendant Elion.

AS AND FOR A FIFTH
<u>AFFIRMATIVE DEFENSE</u>

80. The Complaint is barred by the doctrines of unclean hands, waiver and estoppel.

AS AND FOR A SIXTH
<u>AFFIRMATIVE DEFENSE</u>

81. Without limiting the foregoing, pursuant to the June 30 Order, I&L had the opportunity to challenge EV 1000's eviction of it and to (at least temporarily) regain occupancy of the Premises, conditioned on it depositing the back rent due to EV 1000 in the amount of $365,390.40, with the court on or before 4:00 p.m. on or before July 5, 2022.

82. I&L made no deposit.

83. I&L did not appeal from or otherwise challenge the June 30 Order.

84. I&L thereby waived its right to contest the legality of the eviction and/or EV 1000's post-eviction actions taken pursuant to the Lease and the law.

85. I&L is estopped from now contesting the legality of the eviction and/or EV 1000's post-eviction actions taken pursuant to the Lease and the law.

AS AND FOR A SEVENTH
<u>AFFIRMATIVE DEFENSE</u>

86. Without limiting the foregoing, pursuant to Article 9K of the Lease, Plaintiffs are not entitled to assert and/or waived any claim against EV 1000 asserted herein.

AS AND FOR AN EIGHTH
<u>AFFIRMATIVE DEFENSE</u>

87. Without limiting the foregoing, pursuant to Article 12C of the Lease, Plaintiffs are not entitled to assert and/or waived any claim against EV 1000 asserted herein. .

AS AND FOR A NINTH
<u>AFFIRMATIVE DEFENSE</u>

88. Without limiting the foregoing, pursuant to Article 20A of the Lease Plaintiffs are

not entitled to assert and/or waived any claim against EV 1000 asserted herein.

AS AND FOR A TENTH
<u>AFFIRMATIVE DEFENSE</u>

89. Plaintiff waived any right to a jury of the issues presented herein in the Lease.

COUNTERCLAIM

90. Counterclaim Plaintiff EV 1000, LLC ("EV 1000") is a limited liability company organized under the law of the state of Delaware and authorized to do business in New Jersey.

91. Upon information and belief, Counterclaim Defendant I&L Distribution, Inc., a/k/a I&L Distributing, Inc. ("I&L"), is a corporation organized under the laws of the State of New York.

92. EV 1000 was the landlord, as successor in interest, and I&L, was the tenant, pursuant to a lease dated April 18, 2013 (the "Original Lease"), as amended by the Amendment to Lease dated May 15, 2019 (the "First Amendment"), and as further amended by the Second Amendment to Lease dated April 17, 2020 (the "Second Amendment," and sometimes collectively with the Original Lease, and the First Amendment, the "Lease"), for approximately 35,000 square feet, as more specifically set forth on Exhibit A to the Original Lease (the "Premises") in the building owned by EV 1000 at 1000 Jefferson Avenue, Elizabeth, New Jersey 07201 (the "Building").

93. Pursuant to Article 1 of the Second Amendment, the term of the Lease expired on May 14, 2021 (the "Expiration Date").

94. The term of the Lease was not extended.

95. Pursuant to Article 9F of the Original Lease (which was not modified by the First Amendment or the Second Amendment) I&L covenanted and agreed to "quit and surrender the premises at the termination of this Lease broom clean and in as good condition as ordinary wear

and tear will permit…" and further covenanted and agreed to remove all of its removable fixtures and furniture.

96. Pursuant to Article 34 of the Original Lease (which was not modified by the First Amendment or the Second Amendment), if I&L retained possession of the Premises after the expiration of the Lease without prior written approval of EV 1000, I&L must pay to EV 1000 Fixed Rent at double the rate specified in the Lease ("Holdover Rent"), together with additional rent and other charges provided for in the Lease, for the time the Tenant remains in possession ("Additional Rent"), "and in addition hereto, shall pay the Landlord all damages, consequential as well as direct, sustained by reason of the Tenant's retention of possession" ("Damages").

97. Pursuant to Article 2 of the Second Amendment, I&L was obligated to pay to EV 1000 Fixed Rent at the rate of $14,583.33 per month for the period August 15, 2020 through the expiration of the Lease on May 14, 2021, with any partial month during such period prorated.

98. Pursuant to Article 10 of the Original Lease (which was not modified by the First Amendment or the Second Amendment), Additional Rent items under the Lease include charges for utilities including water, sewer, gas, electricity, and fuel.

99. Pursuant to Article 9H of the Original Lease (which was not modified by the First Amendment or the Second Amendment), I&L agreed to indemnify and hold EV 1000 harmless from any claims arising from any breach or default by I&L, and from and against all costs, reasonable counsel fees, and expenses incurred in or about any claim, action or proceeding brought thereon.

100. I&L wrongfully retained possession of the Premises after the Expiration Date, without the prior written approval of EV 1000, in breach of the Lease.

101. EV 1000 never consented to I&L's continued possession of the Premises after the

Expiration Date.

102. On or about May 11, 2022, in the action titled <u>EV 1000, LLC v. I&L Distributions, Inc.</u>, pending in the Superior Court of New Jersey, Civil Division, Union County, Docket No. UNN LT 00430-22, the clerk of the Court issued a Warrant of Removal allowing EV 1000 to take possession of the Premises.

103. I&L wrongfully retained possession of the Premises after the expiration of the Lease in breach of the Lease, until May 17, 2022, when it was properly evicted by order of the court described above.

104. Pursuant to Article 29 of the Original Lease (which was not modified by the First Amendment or the Second Amendment), "[a]ny personal property…which shall remain in the premises…after the expiration or termination of the term of this Lease shall be deemed to have been abandoned, and either may be retained by Landlord as its property or may be disposed of in such manner as Landlord may see fit. If such personal property or any party thereof shall be sold by Landlord, Landlord may receive and retain the proceeds of such sale as Landlord's property."

105. Following the expiration of the Lease and following the eviction of I&L, it abandoned certain property in the Premises.

106. By letter dated June 7, 2022 (the "June 7, 2022 Letter"), counsel for EV 1000 wrote to I&L advising it that it had left personal property and inventory in the Premises, that the property was considered abandoned and must be removed within 35 days of the date of the letter, and And that any property not removed would be sold or destroyed by EV Liberty.

107. On or about July 15, 2022, I&L identified and removed or arranged for the removal of certain property from the Premises.

108. In particular, on or about July 15, 2022, Abe Berkowitz, on behalf of I&L

identified and removed or arranged for the removal of certain property from the Premises.

109.   After the property identified by was removed, EV 1000 incurred substantial costs, in excess of $67,000 to remove the rest of I&L's abandoned property and clean out the Premises, all of which costs should be borne under the Lease by I&L.

110.   I&L breached and defaulted under its obligations under the Lease, including by wrongfully holding over in the Premises and by failing to remove its property from the Premises.

111.   Pursuant to Article 20A of the Original Lease (which was not modified by the First Amendment or the Second Amendment), where, as here, EV 1000 re-entered the Premises upon its proper eviction of I&L, I&L is obligated to pay damages to EV 1000..

112.   As a result of I&L's breach and default, EV 1000 has been damaged and in entitled to recover from I&L:

    a.   Holdover Rent from May 15, 2021 through May 17, 2022, at the rate of $29,166.66 per month (i.e. two times the Fixed Rent of $14,583.33);

    b.   Unpaid Additional Rent charges in an amount to be determined at trial;

    c.   Damages in an amount to be determined at trial, including but not limited to the costs incurred by EV 1000 in disposing of property abandoned by I&L and cleaning the Premises in an amount believed to be in excess of $67,000;

    d.   Its reasonable costs and counsel fees incurred in defending this action, pursuing this Counterclaim, and in the landlord-tenant proceedings which preceded this action, all in an amount to be determined at trial; and

    e.   Interest on all of the foregoing.

WHEREFORE, Defendants demand judgment:

    a.   Dismissing the Complaint;

    b. Striking the Jury Demand;

    c. In favor of Counterclaim Plaintiff EV 1000 and against Counterclaim Defendant I&L on the Counterclaim in an amount to be determined at trial but believed to be in excess of $400,000, plus interest; and

    d. For such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       January 23, 2023

                           THE BACHMAN LAW FIRM PLLC

                           By: *Judith Bachman*
                              Judith Bachman
                           365 S. Main Street
                           New City, New York 10956
                           (845) 639-3210
                           *Attorneys for Defendants*

                              STERN TANNENBAUM & BELL, LLP
                              380 Lexington Avenue
                              New York, New York 10168
                              (212) 792-8490
                              Karen S. Frieman, Esq
                              (admitted pro hac vice)

                              *Attorneys for Defendants*